IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IBUKUN OLOWA WASHINGTON,** § | | |
| **#1941101,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL NO. 3:16-CV-1374-M-BK |
| § | | |
| **MICHAEL R. MACKEY, Warden, et al.,** § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil rights case was automatically referred to the United States Magistrate Judge. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. The cause is now before the Court on Plaintiff's *Motion for a Preliminary Injunction and Temporary Restraining Order* ("TRO"). Doc. 5. For the reasons that follow, the undersigned recommends that the motion be **DENIED**.

On May 19, 2016, Plaintiff, a state inmate incarcerated within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), filed a complaint against Defendants Hutchins State Jail Warden Michael R Mackey, Chaplain John Berry, and Chaplain C.M. Madyun. Doc. 3 at 1, 3. Plaintiff asserts a violation of his First Amendment right to freedom of religion, and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Doc. 5 at 1. Specifically, he asserts Defendants denied him a separate "Shia Islamic service" and "Talim and Quranic Studies." Doc. 3 at 4. He states that only Sunni

Islamic services are available within TDCJ-CID. *Id.* Plaintiff seeks monetary and injunctive relief and a temporary restraining order. *Id.*

A party seeking a TRO or a preliminary injunction must prove each of the following elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) That the grant of injunctive relief will not disserve the public interest. *Trottie v. Livingston*, 766 F.3d 450, 452 (5th Cir. 2014). Plaintiff has not attempted to establish any of these elements and his request is not supported by any evidence. Doc. 5 at 1-2.[1] Thus, Plaintiff has not met his burden of establishing any of the requirements for a preliminary injunction or temporary restraining order. Therefore, it is recommended that Plaintiff's *Motion for a Preliminary Injunction and Temporary Restraining Order* be **DENIED**. Doc. 5.

**SIGNED** June 17, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the complaint references four exhibits that were not included in the pleadings submitted for filing. Doc. 3 at 4.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE