IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBUKUN OLOWA WASHINGTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-1374-M-BK |
| | § | |
| MICHAEL MACKEY, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b)(1)(B) & (C), the Court now considers Plaintiff's *"Second" Motion for Temporary Restraining Order and Preliminary Injunction*, Doc. 74. For the reasons that follow, Plaintiff's motion for a temporary restraining order should be **DENIED**.

Plaintiff moves for the entry of a temporary restraining order and preliminary injunction to stop the alleged "campaign of harassment" that he is enduring at the hands of various prison officials. Doc. 74; Doc. 75 at 7. Plaintiff's attached sworn declaration alleges instances of harassment and "bogus" disciplinary charges, which he claims were in retaliation for his filing grievances, being Muslim, or litigating the instant action. Doc. 75 at 1-6.

To be entitled to interim injunctive relief, a movant must show that

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citation omitted); *see Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) ("The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance.") (citation omitted).

Plaintiff has failed to demonstrate that he is entitled to a temporary restraining order or a preliminary injunction. Specifically, Plaintiff has failed to carry his burden of establishing a substantial threat that he will suffer irreparable harm absent immediate injunctive relief. *Clark*, 812 F.2d at 993. Plaintiff's mere recitals that (1) he "is threatened with Irreparable Harm"; (2) he "is suffering at this moment 'irreparable harm'"; and (3) "'the continuous deprivation of Constitutional rights constitutes irreparable harm,'" Doc. 75 at 7, are insufficient to establish that there is a substantial threat that irreparable harm will result if the injunction is not granted. Immediate and interim injunctive relief is not a substitute for full consideration of the merits of Plaintiff's claims. *See Millennium Rests. Grp., Inc. v. City of Dallas, Tex.*, 181 F. Supp. 2d 659, 666 (N.D. Tex. 2001) (Fish, J.) ("only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction") (quoting *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)). Moreover, failing to carry the burden on any one of the four factors is sufficient to deny injunctive relief, *see Millennium,* 181 F. Supp. 2d at 666, thus the remaining factors are not addressed here.

For the foregoing reasons, Plaintiff has failed to establish that a temporary restraining order or preliminary injunction should issue in this case. Accordingly, Plaintiff's *"Second" Motion for Temporary Restraining Order and Preliminary Injunction*, Doc. 74, should be **DENIED**.

**SO RECOMMENDED** on November 28, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE