IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBUKUN OLOWA WASHINGTON, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:16-CV-1374-M-BK |
| | § | |
| MICHAEL MACKEY, ET AL., | § | |
|    DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Plaintiff Ibukun Olowa Washington, a state prisoner, brings this *pro se* civil rights action against various state jail officials. For the reasons stated here, *Defendants Mackey, Berry, Madyun, and Garza's Motion to Dismiss Plaintiff's Second Amended Complaint*, Doc. 50, should be **GRANTED**, and Washington's claims against those Defendants **DISMISSED WITH PREJUDICE**; Washington's claims against the remaining Defendants should be **SUMMARILY DISMISSED**; Washington's *Motion for Partial Summary Judgment Against Mackey, Garza, Berry, Madyun*, Doc. 54, should be **DENIED** as moot; and Washington's *Motion for Leave to File Third Amended Complaint*, Doc. 45, should be **DENIED** as futile.

**I.   BACKGROUND**

Pursuant to 42 U.S.C. § 1983, Washington, a state prisoner, alleges violations of the Establishment Clause under the First Amendment, and brings additional claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"). Specifically, Washington objects to the provision of a single Islamic service tailored only to the

beliefs of Sunni Muslims and demands a separate Shia Muslim service. Doc. 30 at 6. He seeks compensatory and punitive damages, as well as declaratory and injunctive relief. Doc. 30 at 8. Washington, who has been transferred to several penal institutions during the pendency of this suit, is currently confined in the Segovia Unit of the Texas Department of Criminal Justice ("TDCJ") Institutional Division, in Edinburg, Texas. Doc. 102.

Washington named as Defendants several Hutchins State Jail officials: Warden Michael R. Mackey, Chaplain John Berry, and Chaplain C.M. Madyun, Doc. 3 at 3, and before any responsive pleading was filed, amended his complaint to add as a defendant Assistant Warden Kimberly Garza (collectively "the Hutchins Defendants"). Doc. 13. After the Hutchins Defendants filed their first motion to dismiss, Doc. 23, Washington filed the operative second amended complaint, in which he added as defendants (1) Vance Drum, Director of Chaplaincy Operations at TDCJ, and (2) Leah Jean O'Leary, Assistant Attorney General,[1] Doc. 30; however, neither has been served with process. The Hutchins Defendants then followed with their first amended motion to dismiss, Doc. 32, which they later superseded with the Second Amended Motion to Dismiss, Doc. 50, now under consideration.

Just as in his previous complaints, in his Second Amended Complaint, Washington asserts Section 1983 and RLUIPA claims against the Hutchins Defendants in their individual and official capacities. Washington additionally asserts the same claims against Drum. Doc. 30 at 6-7. The Hutchins Defendants argue that, regarding liability in their individual capacities: (1) they are entitled to qualified immunity, and (2) individual capacity claims are not actionable under

---

[1] Assistant Attorney General O'Leary was previously assigned to this case; however, she withdrew as counsel in August 2017. Doc. 72. Washington has alleged only a Privacy Act violation against O'Leary.

RLUIPA. Doc. 51 at 7-8, 10-11. As for liability in their official capacities, they contend: (1) the Eleventh Amendment bars recovery of monetary damages, and (2) Washington lacks standing to bring claims for injunctive and declaratory relief because the Hutchins Defendants lack authority to grant the requested relief, and any claim for injunctive relief is moot because Washington is no longer incarcerated at Hutchins State Jail. Doc. 51 at 3-5.

Also before the Court is Washington's motion for leave to file a third amended complaint, in which he seeks similar relief from four additional state officials: David Driskoll, Warden at Diboll Correctional Center; John Salmon, Chaplain at Diboll Correctional Center; Brian Collier, Executive Director at the Huntsville Unit; and Oscar Mendoza, Deputy Director at the Huntsville Unit, Doc. 45, and Washington's motion for partial summary judgment against the Hutchins Defendants, Doc. 54.

## II.    APPLICABLE STANDARD

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Moreover, because Washington is incarcerated, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) of the Prison Litigation Reform Act ("PLRA"). Those sections provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law

3

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Washington's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, even under the most liberal construction and despite three attempts to do so, Washington has failed to state a viable claim against any of the Defendants.

### III. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[2]

Prisoners are required to exhaust administrative remedies before filing suits challenging prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (exhaustion "is mandatory" under the Prison Litigation Reform Act); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes"). However, "failure to exhaust is an affirmative defense under the Prison Litigation Reform Act," so "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Moreover, district courts cannot "sidestep *Jones* by requiring prisoners to affirmatively plead

---

[2] The State raised the issue of non-exhaustion in its First Amended Motion to Dismiss, but inexplicably abandoned it in their Second Amended Motion to Dismiss. That notwithstanding, in response to the State's initial non-exhaustion argument, Washington did not deny his belated attempt to exhaust his administrative remedies by filing a grievance after this lawsuit was filed. Doc. 37 at 1. Consequently, the Court cannot simply ignore that Washington's claims are unexhausted. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement").

4

exhaustion." *Carbe v. Lappin*, 492 F.3d 325, 327-28 (5th Cir. 2007). Nevertheless, a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Id.* at 328 (citing *Jones*, 549 U.S. at 215).

"In Texas, prison grievances involve a two-step process." *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012). To properly exhaust, the inmate must "pursue the grievance remedy to conclusion." *Wring v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Therefore, a prisoner fails to exhaust his administrative remedies if his complaint is filed prior to completing the prison's grievance process. *See Conklin v. Randolph*, 553 Fed. Appx. 457, 458 (5th Cir. 2014) (affirming district court's *sua sponte* dismissal where the plaintiff "filed suit before he received a response to his step 1 grievance").

Here, Washington's pleadings establish on their face that he filed his complaint prior to completing TDCJ's two-step exhaustion requirement. *See* Doc. 17 at 5-6 (demonstrating that Washington's Step 2 grievance was filed on May 28, 2016—nine days after he filed this action).[3] Moreover, Washington's post-exhaustion amended complaints do not cure this error, particularly where, as here, his claims and underlying factual assertions remain the same. *See Rankin v. Pearson*, 612 F. App'x 204, 206-07 (5th Cir. 2015) (district court did not err in dismissing claims for failure to exhaust despite the filing of an amended complaint); *cf. Smith v. Olsen*, 455 F. App'x 513, 516 (5th Cir. 2011) (per curiam) (noting that an "amended complaint will not

---

[3] Washington filed copies of his grievances with his original complaint and refers to them in his Second Amended Complaint. Doc. 30 at 6-7. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (finding that a court may examine documents incorporated into the complaint when ruling on a motion to dismiss).

typically cure the failure to exhaust administrative remedies prior to initially filing suit," but excepting the plaintiff because his amended complaint "raised new factual allegations").

Accordingly, Washington's section 1983 and RLUIPA claims against all Defendants are frivolous and should be dismissed with prejudice. *See Knighten v. Vogelgesang*, 119 Fed. Appx. 680, 680 (5th Cir. 2005) (affirming dismissal with prejudice as frivolous of a section 1983 action for failure to exhaust administrative remedies because grievances were still pending at the time of the filing of the complaint); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (district court did not err in dismissing claims as frivolous for failure to exhaust administrative remedies). Furthermore, that Defendants Drum and O'Leary have not been served is of no consequence. *Carbe*, 492 F.3d 325 at 328 ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."); *see also Hicks v. Garcia*, 372 Fed.Appx. 557, 557-58 (5th Cir. 2010) (per curium) (same); *Torns v. Mississippi Dept. of Corrections*, 301 Fed.Appx. 386, 388-89 (5th Cir. 2008) (per curium) (same).

### IV. PRIVACY ACT CLAIM

As mentioned previously, Washington's Second Amended Complaint names for the first time as a defendant, Leah O'Leary, the Assistant Attorney General who previously represented Defendants in this case. He seeks redress for her mistaken reference to him as "Haufler" in one of the now-terminated motions to dismiss filed on behalf of the Hutchins Defendants. Doc. 30 at 6-7; Doc. 23 at 1, 4. Washington claims that the mistake "destroyed the accuracy of government records" and is a violation of the Privacy Act, 5 U.S.C. § 552(a). Doc. 30 at 6-7.

Washington's claim is plainly frivolous since a party's responsive pleading in a lawsuit, even if sloppily prepared, is *not* a government record. Moreover, "the private right of action

created by 5 U.S.C. § 552a(g) of the Privacy Act is limited to actions against agencies of the federal government [and] it does not apply to state agencies or individuals." *Carr v. Johnson*, 51 F. App'x 928, 2002 WL 31415157, at *1 (5th Cir. 2002) (per curiam); *see also Dean v. City of New Orleans*, 544 F. App'x 353, 355 (5th Cir. 2013) ("The Privacy Act generally applies only to the production of records by *federal* agencies.") (emphasis in original).  Consequently, Washington's Privacy Act claim against Defendant O'Leary, a state employee, should be dismissed with prejudice.  *Neitzke*, 490 U.S. 319, 325 (1989).

## V.     LEAVE TO AMEND

Washington seeks leave to add more TDCJ employees as defendants: Warden David Driskoll, Chaplain John Salmon, Executive Director Brian Collier, and Deputy Director Oscar Mendoza, in their official and individual capacities.  Doc. 45-1 at 6.  He also seeks to challenge TDCJ Chaplaincy Policy AD-7.30 and to expand his suit to encompass a class action.

Federal Rule of Civil Procedure 15(a) requires a trial court to freely grant a party leave to amend a complaint, and the language of the rule "evidences a bias in favor of granting leave to amend."  *Marucci Sports, L.L.C., v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).  Leave to amend is by no means automatic, but the Court must have "substantial reason" to deny a party's request to amend.  *Id.*  In deciding whether to grant or deny a motion to amend, the Court may consider a variety of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment."  *Id.* (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."  *Id.*

Here, granting Washington leave would be futile. For the reasons explained *supra*, Washington has not exhausted his administrative remedies as to his claims in this case, and neither the addition of Defendants or related claims changes that fact.[4] Nor can Washington represent a putative class of similarly situated prisoners. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action") (citing *Anderson v. Moore*, 372 F.2d 747, 751 n. 5 (5th Cir. 1967)).

Finally, as this would be Washington's fourth bite at the apple, he has obviously pled his best case, as evidenced by his filing of two amended complaints soon after the Defendants moved to dismiss on the same grounds discussed here. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (leave to amend is not required if the *pro se* plaintiff has already plead his "best case"). Yet, neither amended complaint (nor the proposed one) corrected the defects noted herein. Accordingly, Washington's motion for leave to file his third amended complaint should be denied.

## VI. RECOMMENDATION

For the foregoing reasons, *Defendants Mackey, Berry, Madyun, and Garza's Motion to Dismiss Plaintiff's Second Amended Complaint*, Doc. 50, should be **GRANTED** and all claims against them **DISMISSED WITH PREJUDICE**; Washington's claims against the remaining Defendants should be **SUMMARILY DISMISSED WITH PREJUDICE**; Washington's *Motion for Leave to File Third Amended Complaint*, Doc. 45, should be **DENIED** as futile; and

---

[4] To the extent Washington claims *subsequent* violations of his religious freedoms, such claims obviously could not have been exhausted prior to the filing of this case.

Washington's *Motion for Partial Summary Judgment Against Mackey, Garza, Berry, Madyun*, Doc. 54, should be **DENIED** as moot.[5]  As no other claims would remain, this case should then be closed.

    **SIGNED** February 1, 2019

                                        RENEE HARRIS TOLIVER
                                        UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[5] While this case has been pending, the United States Court of Appeals for the Fifth Circuit has barred Washington from "proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is 'under imminent danger of serious physical injury.'" *Washington v. Collier*, 747 Fed.Appx. 221, 223 (5th Cir. 2018) (quoting 28 U.S.C § 1915(g)).